Matter of Fern G. v Kim J. (2022 NY Slip Op 01736)





Matter of Fern G. v Kim J.


2022 NY Slip Op 01736


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Docket No. V15473/19 Appeal No. 15524 Case No. 2021-02525 

[*1]In the Matter of Fern G., Petitioner-Respondent,
v
Kim J., Respondent-Appellant.


Steven N. Feinman, White Plains, for appellant.
Latham & Watkins LLP, New York (Tyce R. Walters of counsel), for respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the child.



Order, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about June 14, 2021, which, after a hearing, granted petitioner's motion for an order of parentage, holding that she has standing to seek custody and visitation of the subject child, unanimously affirmed, without costs.
A nonbiological, nonadoptive parent has the legal status of a parent, and thus has standing to pursue custody of a subject child, if it is shown by clear and convincing evidence that the petitioner "agreed with the biological parent of the child to conceive and raise the child as co-parents" (Matter of Brooke S.B. v Elizabeth A.C.C., 28 NY3d 1, 28 [2016]).
Here, clear and convincing evidence presented at the hearing, including numerous social media posts by respondent, private text messages between the parties, and a baby shower invitation designed by respondent in honor of both parties, established that the parties agreed to conceive and raise the subject child as the newest member of their already established family, which already included one child both parties referred to as their son. After the subject child was born, the parties participated in a dedication ceremony at their church, where a "certificate of dedication" named both parties as the child's parents. At the hearing, respondent conceded that she referred to petitioner as the subject child's mother, even after their relationship ended. On this record, we find no reason to depart from Family Court's factual and credibility findings, which are afforded deference on appeal (see e.g. Matter of Muldavin v Muldavin, 248 AD2d 209, 209 [1st Dept 1998]).
We have considered appellant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022